Pearson, J.
 

 If the deed, alleged to have been executed by Mrs. Cook, is valid in law to convey her estate, the plaintiff is entitled to recover. His Honor was of opinion, that the deed was not valid. We have come to a different conclusion.
 

 
 *316
 
 It is objected to the probate oí the deed, that it does not appear that the two Justices, who certified to the
 
 feme covert,
 
 were members of the County Court, or were appointed by the Court for that purpose.
 

 The record shows that the deed was acknowledged in open Court by the husband and wife ; and that a report was made to the Court, at the same time, by Forbes and Etheredge, two justices of the peace, as to the privy examination of the wife ; and that, thereupon, the Court ordered the deed to be registered.
 

 The County Court is held by the justices of the peace in the several Counties, Any three are sufficient to make a Court, and any justice has the right to go upon the bench, and be a member of the Court. Indeed, any justice, who is present in the Court room, and takes part in the proceedings of the Court, as one of the Court,
 
 ipso facto,
 
 is one of the Court.
 

 A deed is acknowledged by husband and wife in open Court — two justices of the peace, thereupon, take the privy examination and report to the Court, and the Court acts upon the report. The inference is irresistible, that the two justices were members of the Court, appointed for that purpose. If they had taken the examination
 
 officiously,
 
 the Court would not have received their report and
 
 acted upon it.
 
 In this case the record shows, that the two justices, Forbes and Etheredge, were members of the Court, when the Court opened on that day, but it is not necessary to call that circumstance in aid of the conclusion, that they were members of the Court, appointed to take the privy examination.
 

 The other objection is, that it appears from the report, that the justices examined the wife as to whether she
 
 executed
 
 the deed voluntarily, but it does not appear, that they examined her as to whether she
 
 doth voluntaria ly assent thereto
 
 — in other words, that the examination appears to have been as to
 
 a past
 
 act, whereas, it should
 
 *317
 
 have been as to her
 
 present
 
 assent; and the idea is sug* gested, that the law intends to give the wife a
 
 “locus peni-
 
 tentice,” between the execution of the deed and the privy examination ; so that, although she
 
 executed
 
 the deed voluntarily, yet, she should be at liberty to change her mind before the privy examination.
 

 The result of this objection is an argument against it; for several cases, in which the report of the examination is expressed, as it is in this case, have been examined by this Court, and all objections, supposed to be at all feasible, were raised, and many similar cases have, no doubt, occurred on the circuils. And yet, this idea has' now been suggested for the first time. In
 
 Joyner
 
 v.
 
 Faulcon, 2
 
 Ired. Eq. 386, the certificate made by Judge Daniel is, “she acknowledged that she executed, the within deed freely,” &c. In
 
 Burgess
 
 v.
 
 Wilson, 2
 
 Dev. 307, the certificate is, “she acknowledged, that she executed the deed of her own free will,” &c., and although many objections were taken, the one, now under consideration, was not started.
 

 i The Act of Assembly gives no form, in which the certificate or report of the privy examination is to be made. It simply provides, that the Judge, or member of the County Court, shall privily examine the wife, “whether she doth voluntarily assent thereto” — that is, to the execution of the deed, which she had just before acknowledged in the presence of her husband. And it can make no difference, whether the judge or member of the Court, in making the certificate or report of the privy examination, uses words in the past or present tense ; in truth, the past tense would seem to be most proper. In the provision j made for taking the examination of the wife, who is sick,the words in the commission are in the past tense — ■ “whether she executed the deed freely and of her own accord,” &c. and it is probable, that from this circumstance, most of the judges and members of the Courts,
 
 *318
 
 have fallen into the mode of expressing the certificate in the past, which is really the most natural manner of stating the fact, as the examination comes
 
 after
 
 the ac-knowledgement of the deed.
 

 IÍ upon the privy examination, the wife states, that although she was willing to convey when she executed the deed, yet she had changed her mind, and was then unwilling ; of course, the assent of the wife would not he certified or reported.
 

 The word “assigned” is used by the parties in this case instead of the word “executed.” We think it immaterial. The former being used as synonymous with the latter.
 

 So, it is immaterial, whether the acknowledgement, or the examination be first recorded. In
 
 Joyner
 
 v. Faulcon, before cited, the privy examination is written first, but it was held, “the certificate states a single transaction — all therein mentioned occurred at the same time, and it is immaterial what part of it is mentioned first in the certificate.”
 

 Peb Curiam. Judgment reversed and a
 
 venire de novo
 
 ordered.